IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SYLVIA JOHNSON-NEWBERRY<br>3787 West 140th Street<br>Cleveland, Ohio 44111 | ) ) ) ) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT** |
| CLEVELAND PUBLIC LIBRARY<br>8216 Lorain Avenue,<br>Cleveland, Ohio 44102 | ) ) ) ) ) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| **Serve also:**<br>Cleveland Public Library<br>c/o Mary Scelsi<br>325 Superior Avenue<br>Cleveland, Ohio 44114 | ) ) ) ) ) ) ) | |
| Defendant. | ) ) | |

Plaintiff, Sylvia Johnson-Newberry, by and through undersigned counsel, as her Complaint against the Defendants, states and avers the following:

## PARTIES AND VENUE

1. Johnson-Newberry is a resident of the city of Cleveland, county of Cuyahoga, state of Ohio.

2. Cleveland Public Library is a domestic non-profit corporation that operated a business located at 8216 Lorain Avenue, Cleveland, Ohio 44102.

3. Cleveland Public Library was at all times hereinafter mentioned an employer within the meaning of 42 U.S.C. § 2000e *et seq*.

4. Cleveland Public Library was at all times hereinafter mentioned an employer within the meaning of R.C. § 4112.01 *et seq*.

## JURISDICTION & VENUE

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Johnson-Newberry is alleging a Federal Law Claim under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*.

6. All material events alleged in this Complaint occurred in Cuyahoga County.

7. This Court has supplemental jurisdiction over Johnson-Newberry's state law claims pursuant to 28 U.S.C. § 1367 as Johnson-Newberry's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9. Within 300 days of the conduct alleged below, Johnson-Newberry filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2021-01461 against Cleveland Public Library.

10. On July 14, 2021, the EEOC issued and mailed a Notice of Right to Sue letter to Johnson-Newberry regarding the Charge of Discrimination.

11. Johnson-Newberry received her Right to Sue letter from the EEOC which has been attached hereto as Plaintiff's Exhibit A.

12. Johnson-Newberry has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

13. Johnson-Newberry has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

14. Johnson-Newberry is African American.

15. Johnson-Newberry is a former employee of Cleveland Public Library.

16. Johnson-Newberry began working for Cleveland Public Library on or around October 12, 2020.

17. Cleveland Public Library employed Johnson-Newberry as a Security Guard.

18. Johnson-Newberry had a strong history of performance with Cleveland Public Library.

19. Johnson-Newberry did not have any history of meaningful discipline.

20. Lyndsey Duncan was Johnson-Newberry's supervisor.

21. During all material events asserted herein, Duncan has and/or had authority to hire, fire, and/or discipline employees.

22. Cedric John was Johnson-Newberry's and Duncan's supervisor.

23. During all material events asserted herein, John has and/or had authority to hire, fire, and/or discipline employees.

24. John did not participate in the decision to hire Johnson-Newberry.

25. After her initial training, Cleveland Public Library deployed Johnson-Newberry to the location at 8216 Lorain Avenue, Cleveland, Ohio 44102 ("Lorain Branch").

26. While at the Lorain Branch, Johnson-Newberry experienced race discrimination from a coworker, Adela Santana.

27. Santana made comments towards Johnson-Newberry about her dark complexion.

28. Santana made derogatory comments towards Johnson-Newberry about her hair.

29. Johnson-Newberry complained to Duncan regarding the race discrimination she experienced.

30. Duncan had a responsibility to investigate Johnson-Newberry's complaint of race discrimination.

31. Upon information and belief, Defendant has a policy requiring investigations following receipt of a complaint of discrimination.

32. An investigation should include interviewing the complainant.

33. An investigation should include interviewing the subject of the complaint.

34. An investigation should include interviewing the subject of the reported incident.

35. An investigation should include interviewing witnesses to the reported incident.

36. An investigation should include getting a written statement from the complainant.

37. An investigation should include getting a written statement from the subject of the complaint.

38. An investigation should include getting a written statement from the subject of the reported incident.

39. In response to Johnson-Newberry's complaint of discrimination, Cleveland Public Library did not interview Santana.

40. In response to Johnson-Newberry's complaint of discrimination, Cleveland Public Library did not get a written statement from Johnson-Newberry.

41. In response to Johnson-Newberry's complaint of discrimination, Cleveland Public Library did not get a written statement from Santana.

42. In response to Johnson-Newberry's complaint of discrimination, Cleveland Public Library did not take corrective action against Santana.

43. Similarly, it is well settled that an employer's failure to investigate, or take prompt remedial action against discrimination, thus allowing the discrimination to continue, is also an adverse employment action. *Ellis v. Jungle Jim's Mkt., Inc.*, 12th Dist. No. CA2014-12-254, 2015-Ohio-4226, 44 N.E.3d 1034, ¶ 39.

44. Cleveland Public Library ratified Santana's discriminatory conduct in failing to conduct an investigation into Johnson-Newberry's discrimination complaint.

45. Cleveland Public Library ratified Santana's discriminatory conduct in failing to discipline Santana following Johnson-Newberry's discrimination complaint.

46. Subsequent to Johnson-Newberry reporting of race discrimination to her supervisor, Cleveland Public Library subjected Johnson-Newberry to unwarranted disciplinary hearings.

47. On or around April 9, 2021, John and Cleveland Public Library terminated Johnson-Newberry's employment.

48. The reason provided for Johnson-Newberry's termination was pretextual.

49. Cleveland Public Library terminated Johnson-Newberry's employment because of her race.

50. Cleveland Public Library terminated Johnson-Newberry's employment because she complained about race discrimination.

51. Upon information and belief, Defendant has a progressive disciplinary policy ("Progressive Discipline Policy").

52. Defendant has used the Progressive Discipline Policy when disciplining non-African American employees.

53. Defendant has used the Progressive Discipline Policy when disciplining employees who have not complained of discrimination.

54. Under the Progressive Discipline Policy, Johnson-Newberry had not received any meaningful discipline.

55. Under the Progressive Discipline Policy, Johnson-Newberry had not received any written warnings.

56. Under the Progressive Discipline Policy, Johnson-Newberry had not been suspended.

57. Defendant skipped steps under the Progressive Discipline Policy when they terminated Johnson-Newberry's employment.

58. Skipping steps under the Progressive Discipline Policy is an adverse employment action.

59. Skipping steps under the Progressive Discipline Policy is an adverse action.

60. Defendant intentionally skipped steps under the Progressive Discipline Policy when they terminated Johnson-Newberry's employment.
61. Defendant willfully made the decision to skip steps under the Progressive Discipline Policy when they terminated Johnson-Newberry's employment.
62. Terminating Johnson-Newberry's employment was an adverse employment action.
63. Terminating Johnson-Newberry's employment was an adverse action.
64. Defendant intentionally terminated Johnson-Newberry's employment.
65. Defendant willfully made the decision to terminate Johnson-Newberry's employment.
66. Defendant terminated Johnson-Newberry's employment in violation of the Progressive Discipline Policy because of her race.
67. Defendant terminated Johnson-Newberry's employment in violation of the Progressive Discipline Policy because she complained about race discrimination.

### COUNT I: RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000e *et seq.*

68. Johnson-Newberry restates each and every prior paragraph of this Complaint, as if it were fully restated herein.
69. Throughout her employment, Johnson-Newberry was fully competent to perform her essential job duties.
70. Cleveland Public Library treated Johnson-Newberry differently than other similarly situated employees based on her race.
71. During her employment, Johnson-Newberry complained about the race discrimination she experienced.
72. Cleveland Public Library failed to investigate Johnson-Newberry's discrimination complaints.
73. Cleveland Public Library failed to take remedial action following Johnson-Newberry's discrimination complaints.

74. Upon information and belief, Cleveland Public Library investigated complaints lodged by non-African American employees.

75. Upon information and belief, Cleveland Public Library took remedial action following complaints lodged by non-African American employees.

76. Cleveland Public Library failed to investigate Johnson-Newberry's discrimination complaints because of her race.

77. Cleveland Public Library failed to take remedial action following Johnson-Newberry's discrimination complaints because of her race.

78. Cleveland Public Library ratified Santana's discriminatory conduct in failing to conduct an investigation into Johnson-Newberry's discrimination complaint.

79. Cleveland Public Library ratified Santana's discriminatory conduct in failing to discipline Santana following Johnson-Newberry's discrimination complaint.

80. Cleveland Public Library violated 42 U.S.C. § 2000e *et seq.* by discriminating against Johnson-Newberry due to her race.

81. On or about April 9, 2021, Cleveland Public Library terminated Johnson-Newberry without just cause.

82. At all times material herein, similarly-situated non-African-American employees were not terminated without just cause.

83. Defendant terminated Johnson-Newberry based on her race.

84. Defendant violated 42 U.S.C. § 2000e *et seq.* when they terminated Johnson-Newberry based on her race.

85. Johnson-Newberry suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to 42 U.S.C. § 2000e *et seq.*

86. As a direct and proximate result of Defendant's conduct, Johnson-Newberry has suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT II: RACE DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

87. Johnson-Newberry restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

88. Throughout her employment, Johnson-Newberry was fully competent to perform her essential job duties.

89. Cleveland Public Library treated Johnson-Newberry differently than other similarly situated employees based on her race.

90. During her employment, Johnson-Newberry complained about the race discrimination she experienced.

91. Cleveland Public Library failed to investigate Johnson-Newberry's discrimination complaints.

92. Cleveland Public Library failed to take remedial action following Johnson-Newberry's discrimination complaints.

93. Upon information and belief, Cleveland Public Library investigated complaints lodged by non-African American employees.

94. Upon information and belief, Cleveland Public Library took remedial action following complaints lodged by non-African American employees.

95. Cleveland Public Library failed to investigate Johnson-Newberry's discrimination complaints because of her race.

96. Cleveland Public Library failed to take remedial action following Johnson-Newberry's discrimination complaints because of her race.

97. Cleveland Public Library ratified Santana's discriminatory conduct in failing to conduct an investigation into Johnson-Newberry's discrimination complaint.

98. Cleveland Public Library ratified Santana's discriminatory conduct in failing to discipline Santana following Johnson-Newberry's discrimination complaint.

99. Cleveland Public Library violated R.C. § 4112.01 *et seq.* by discriminating against Johnson-Newberry due to her race.

100. On or about April 9, 2021, Cleveland Public Library terminated Johnson-Newberry without just cause.

101. At all times material herein, similarly-situated non-African-American employees were not terminated without just cause.

102. Defendants terminated Johnson-Newberry based on her race.

103. Defendants violated R.C. § 4112.01 *et seq.* when they/she terminated Johnson-Newberry based on her race.

104. Johnson-Newberry suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

105. As a direct and proximate result of Defendant's conduct, Johnson-Newberry has suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT III: RETALIATION IN VIOLATION OF 42 U.S.C. § 2000e *et seq.*

106. Johnson-Newberry restates each and every prior paragraph of this complaint, as if it were fully restated herein.

107. As a result of the Defendant's discriminatory conduct described above, Johnson-Newberry complained about the race discrimination she was experiencing.

108. Subsequent to Johnson-Newberry reporting of race discrimination to her supervisor, Cleveland Public Library subjected Johnson-Newberry to unwarranted disciplinary hearings.

109. Subsequent to Johnson-Newberry reporting of race discrimination to her supervisor, Cleveland Public Library terminated Johnson-Newberry's employment.

110. Defendant's actions were retaliatory in nature based on Johnson-Newberry 's opposition to the unlawful discriminatory conduct.

111. Johnson-Newberry suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to 42 U.S.C. § 2000e *et seq*.

112. As a direct and proximate result of Defendant's retaliatory discrimination against and termination of Johnson-Newberry, she suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT IV: RETALIATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

113. Johnson-Newberry restates each and every prior paragraph of this complaint, as if it were fully restated herein.

114. As a result of the Defendant's discriminatory conduct described above, Johnson-Newberry complained about the race discrimination she was experiencing.

115. Subsequent to Johnson-Newberry reporting of race discrimination to her supervisor, Cleveland Public Library subjected Johnson-Newberry to unwarranted disciplinary hearings.

116. Subsequent to Johnson-Newberry reporting of race discrimination to her supervisor, Cleveland Public Library terminated Johnson-Newberry's employment.

117. Defendant's actions were retaliatory in nature based on Johnson-Newberry 's opposition to the unlawful discriminatory conduct.

118. Pursuant to R.C. §4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

119. Johnson-Newberry suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

120. As a direct and proximate result of Defendant's retaliatory discrimination against and termination of Johnson-Newberry, she suffered and will continue to suffer damages, including economic and emotional distress damages.

## DEMAND FOR RELIEF

WHEREFORE, Johnson-Newberry demands from Defendant the following:

(a) Issue an order requiring Defendant to restore Johnson-Newberry to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against Defendant of compensatory and monetary damages to compensate Johnson-Newberry for lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Johnson-Newberry's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,


*/s/ Taurean J. Shattuck*
Fred M. Bean (0086756)
Taurean J. Shattuck (0097364)
David Byrnes (0086975)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email:  Fred.Bean@spitzlawfirm.com
            Taurean.Shattuck@spitzlawfirm.com
            David.Byrnes@spitzlawfirm.com


*Attorneys For Plaintiff*

## **JURY DEMAND**

Plaintiff Sylvia Johnson-Newberry demands a trial by jury by the maximum number of jurors permitted.

*/s/ Taurean J. Shattuck*
Fred M. Bean (0086756)
Taurean J. Shattuck (0097364)
David Byrnes (0086975)
**THE SPITZ LAW FIRM, LLC**